# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| ERIC GUNDRUM and MICHAEL KING, individually and on behalf of all persons similarly situated, | : : : | CIVIL ACTION NO.:  16-cv-369 |
| | : | |
| Plaintiffs, | : : | COLLECTIVE ACTION COMPLAINT |
| v. | : : | |
| | : | JURY TRIAL DEMANDED |
| CLEVELAND INTEGRITY SERVICES, INC., | : : : | |
| Defendant. | : : | |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Eric Gundrum ("Gundrum") and Michael King ("King") (collectively, "Plaintiffs"), through their undersigned counsel, individually and on behalf of all persons similarly situated, file this Collective Action Complaint ("Complaint") against Defendant Cleveland Integrity Services, Inc. ("Defendant" or "CIS") seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").  The following allegations are based on personal knowledge as to Plaintiffs' own conduct and on information and belief as to the acts of others.

## JURISDITION AND VENUE

1.      Jurisdiction over Plaintiffs' FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to Plaintiffs' and Class Members claims occurred within this judicial district.  Plaintiffs and other Class Members performed work in this judicial district and were paid pursuant to Defendant's unlawful pay policy in this judicial district, and

Defendant routinely conducts business in this judicial district.

## PARTIES

3.     Plaintiff Eric Gundrum ("Gundrum") is a Nevada resident who was employed by CIS as a pipeline inspector in Kansas, Oklahoma, and Missouri between July 2013 and June 2014, and in Wisconsin and Illinois between June 2015 and October 2015.  Pursuant to 29 U.S.C. § 216(b), he has consented in writing to being a Plaintiff in this action.  *See* Ex. A.

4.     Plaintiff Michael King ("King") is a Nevada resident who was employed by CIS as a pipeline inspector in Kansas, Oklahoma, and Missouri between July 2013 and April 2014, and in Wisconsin and Illinois between June 2015 and August 2015.  Pursuant to 29 U.S.C. § 216(b), he has consented in writing to being a Plaintiff in this action.  *See* Ex. B.

5.     Defendant Cleveland Integrity Services, Inc. ("Defendant" or "CIS") is a limited corporation providing third party inspection services for the construction and maintenance of oil and natural gas transmission, midstream and gathering lines, facility construction, meter runs and many other types of oil and gas construction throughout the United States.  CIS is a subsidiary of Applied-Cleveland Holdings, Inc. ("Applied-Cleveland").

6.     CIS is incorporated in Oklahoma and maintains its corporate headquarters in Cleveland, Oklahoma.

7.     CIS employs inspectors, such as Plaintiffs, who perform a variety of inspection services on oil and gas pipelines for energy, public utility and pipeline companies.  CIS' financial results are driven by the number of inspectors performing services for CIS' customers and the fees that CIS charges the customers for these services.

8.     CIS charges its inspectors' services out to CIS' customers on a per project basis, including per diem charges for the inspectors, their mileage and other reimbursement items.

2

9.      CIS employed Plaintiffs and continues to employ similarly situated employees.

10.     CIS employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

11.     CIS' annual gross volume of business exceeds $500,000.

12.     CIS is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

## FLSA COLLECTIVE DEFINITION

13.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following group of potential FLSA opt-in litigants:

> All current or former employees of Cleveland Integrity Services, Inc. ("CIS"), who performed work in the United States at any time between June 2, 2013 and the present, and who held the job title of inspector or a similar title (the "FLSA Collective").

14.     Plaintiffs reserve the right to redefine the FLSA Collective prior to notice, and thereafter, as necessary.

## FACTS

15.     CIS employs members of the FLSA Collective throughout the United States.

16.     Between approximately July 2013 and June 2014, and between June 2015 and October 2015, Plaintiff Gundrum was employed as a pipeline inspector with CIS, performing and reviewing inspections on gas pipelines.

17.     Between approximately July 2013 and April 2014, and between June 2015 and August 2015, Plaintiff King was employed as a pipeline inspector with CIS, performing and reviewing inspections on gas pipelines.

18.     CIS employed Plaintiffs to inspect pipelines in and around Kansas, Missouri,

Oklahoma on the Flanagan South Pipeline project

19.     CIS employed Plaintiffs to inspect pipelines in and around Wisconsin and Illinois on the Line 66 Pipeline project.

20.     Plaintiffs reviewed and aided colleagues in performing routine inspections of newly-laid pipes.  Plaintiffs observed other members of the FLSA Collective performing the same or substantially similar job duties.

21.     Plaintiffs and the FLSA Collective members are all blue collar workers who are primarily engaged in manual labor duties.

22.     Plaintiffs' work required the utilization of techniques and procedures obtained primarily from industry manuals, standards and codes.  *See* 29 C.F.R. § 541.203(g).  Plaintiffs observed other members of the FLSA Collective utilizing similar techniques and procedures in the performance of their jobs.

23.     Plaintiffs worked within the closely prescribed limits provided by CIS.  *See* 29 C.F.R. § 541.203(g).  Plaintiffs observed other members of the FLSA Collective working in the same or substantially similar manner.

24.     CIS has a policy or practice of failing to compensate Plaintiffs and the FLSA Collective for all overtime hours worked.

25.     CIS paid Plaintiffs and the FLSA Collective pursuant to a daily rate compensation system that did not take into account all hours worked in a workweek or overtime hours.

26.     Specifically, CIS paid Plaintiffs and the FLSA Collective a specific set amount per each day that they worked.

27.     CIS does not maintain accurate records of all hours that Plaintiffs and the FLSA Collective worked each workday and the total number of hours worked each workweek as

4

required by the FLSA.  *See* 29 C.F.R. § 516.2(a)(7).

28.     Plaintiffs routinely worked between six (6) days to seven (7) days per week and typically more than ten (10) hours per day, up to fifteen (15) hours.  Plaintiffs observed that the members of the FLSA Collective routinely worked similar schedules.

29.     CIS did not pay Plaintiffs and the FLSA Collective any overtime compensation for hours worked over forty (40) per workweek.

30.     In 2011, prior to the start of the relevant time period in this case, the United States Court of Appeals for the Tenth Circuit held that a similar compensation scheme by an oilfield services company was not only unlawful, but constituted a willful violation of the FLSA.  *See Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1268 (10th Cir. 2011).  Since *Mumby*, many oil and gas service companies have reclassified their daily rate workers to come into compliance with the FLSA.  CIS, however, has not done so.

31.     As a subsidiary of Applied-Cleveland Holdings, Inc., which services the oil and gas industry throughout the United States, there is no question that CIS has access to human resource expertise and legal counsel who can advise CIS on its FLSA compliance obligations.

32.     CIS has acted willfully and/or with reckless disregard of the applicable FLSA provisions, by failing to properly compensate Plaintiffs and the FLSA Collective for hours worked in excess of forty (40) during the workweek.

33.     Moreover, during the entire relevant time period, CIS was aware that the FLSA Collective members were not properly compensated under the FLSA, because the FLSA Collective members' timesheets clearly demonstrate that they were routinely working more than forty (40) hours per week (based on the number of days they were working) but were not receiving overtime compensation.

5

34.     Furthermore, CIS failed to properly track, monitor or record the actual number of hours per day that the FLSA Collective members worked, as required by the FLSA.  *See* 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

## COLLECTIVE ACTION ALLEGATIONS

35.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

36.     Plaintiffs desire to pursue his FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

37.     Plaintiffs and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to CIS' previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, CIS' common compensation, timekeeping and payroll practices.

38.     Specifically, CIS paid Plaintiffs and the FLSA Collective a set amount of pay per day, regardless of the number of hours worked, and failed to pay overtime as required by federal law.

39.     Further, CIS misclassified Plaintiffs and the FLSA Collective as exempt and failed to pay overtime as required by federal law.

40.     The similarly situated employees are known to CIS, are readily identifiable, and may be located through CIS' records, as well as the records of any payroll companies that CIS

utilizes. CIS employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

**COUNT I**
**Violation of the FLSA**
**(On Behalf of the Plaintiffs and the FLSA Collective)**

41.     All previous paragraphs are incorporated as though fully set forth herein.

42.     The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

43.     The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty (40) in the workweek. *See* 29 C.F.R. § 778.112.

44.     CIS' compensation scheme applicable to Plaintiffs and the FLSA Collective failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

45.     Plaintiffs and the FLSA Collective are not exempt from the requirements of the FLSA.

46.     CIS knowingly failed to compensate Plaintiffs and the FLSA Collective at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

47.     During all relevant times, Plaintiffs and the FLSA Collective were covered

employees entitled to the above-described FLSA protections.

48.     In violating the FLSA, CIS acted willfully and/or with reckless disregard of clearly applicable FLSA provisions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the FLSA Collective, seek the following relief:

A.      An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

B.      Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

C.      Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

E.      Liquidated damages to the fullest extent permitted under the law;

F.      Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

G.      Such other and further relief as this Court deems just and proper.

Dated: June 2, 2016                        Respectfully submitted,


                                           Shanon J. Carson
                                           Sarah R. Schalman-Bergen
                                           Alexandra K. Piazza*
                                           Camille Fundora*
                                           BERGER & MONTAGUE, P.C.
                                           1622 Locust Street
                                           Philadelphia, PA 19103
                                           Telephone: (215) 875-3000
                                           Facsimile: (215) 875-4604
                                           scarson@bm.net
                                           sschalman-bergen@bm.net
                                           apiazza@bm.net
                                           cfundora@bm.net

                                           *Attorneys for Plaintiffs and the Proposed FLSA
                                           Collective*

                                           *\* Admission to be Filed*