## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| ERIC GUNDRUM and MICHAEL KING, individually and on behalf of all persons similarly situated, | : : : : | |
| | : | CIVIL ACTION NO.: 16-cv-369 |
| Plaintiffs, | : : | |
| | : | |
| v, | : : | COLLECTIVE ACTION COMPLAINT |
| | : | |
| CLEVELAND INTEGRITY SERVICES, INC., | : : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |

### ANSWER TO COLLECTIVE ACTION COMPLAINT

Defendant Cleveland Integrity Services, Inc., ("CIS") answers as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction over Plaintiffs' FLSA claim is proper under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

**ANSWER:** CIS admits the allegations in paragraph 1.

2.      Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to Plaintiffs' and Class Members claims occurred within this judicial district.  Plaintiffs and other Class Members performed work in this judicial district and were paid pursuant to Defendant's unlawful pay policy in this judicial district, and Defendant routinely conducts business in this judicial district.

**ANSWER:** CIS admits that Plaintiffs performed work in this judicial district and that it

has conducted business in this judicial district but denies the remaining allegations in paragraph

2.

### PARTIES

3.      Plaintiff Eric Gundrum ("Gundrum") is a Nevada resident who was employed by CIS as a pipeline inspector in Kansas, Oklahoma, and Missouri between July 2013 and June 2014, and in Wisconsin and Illinois between June 2015 and October 2015.  Pursuant to 29 U.S.C. §216(b), he has consented in writing to being a Plaintiff in this action.  *See* Ex. A.

**ANSWER:** CIS admits the allegations in paragraph 3 except for the job title; Gundrum was a General/Utility Inspector III.

4.        Plaintiff Michael King ("King") is a Nevada resident who was employed by CIS as a pipeline inspector in Kansas, Oklahoma, and Missouri between July 2013 and April 2014, and in Wisconsin and Illinois between June 2015 and August 2015.  Pursuant to 29 U.S.C. §216(b), he has consented in writing to being a Plaintiff in this action.  *See* Ex. B.

**ANSWER:** CIS admits the allegations in paragraph 4 except for the job title; King was a General/Utility Inspector III.

5.        Defendant Cleveland Integrity Services, Inc. ("Defendant" or "CIS") is a limited corporation providing third party inspection services for the construction and maintenance of oil and natural gas transmission, midstream and gathering lines, facility construction, meter runs and many other types of oil and gas construction throughout the United States.  CIS is a subsidiary of Applied-Cleveland Holdings, Inc. ("Applied-Cleveland").

**ANSWER:** CIS admits the allegations in paragraph 5.

6.        CIS is incorporated in Oklahoma and maintains its corporate headquarters in Cleveland, Oklahoma.

**ANSWER:** CIS admits the allegations in paragraph 6.

7.        CIS employs inspectors, such as Plaintiffs, who perform a variety of inspection services on oil and gas pipelines for energy, public utility and pipeline companies.  CIS' financial results are driven by the number of inspectors performing services for CIS' customers and the fees that CIS charges the customers for these services.

**ANSWER:** CIS admits that it employs individuals who perform a variety of services on oil and gas pipelines but denies the remaining allegations in paragraph 7.

8.        CIS charges its inspectors' services out to CIS' customers on a per project basis, including per diem charges for the inspectors, their mileage and other reimbursement items.

**ANSWER:** CIS admits that it charges its customers but denies the remaining allegations in paragraph 8.

9.        CIS employed Plaintiffs and continues to employ similarly situated employees.

**ANSWER:** CIS admits that it employed Plaintiffs but denies the remaining allegations in paragraph 9.

10.     CIS employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§206-207.

**ANSWER:**  CIS admits the allegations in paragraph 10.

11.     CIS' annual gross volume of business exceeds $500,000.

**ANSWER:**  CIS admits the allegations in paragraph 11.

12.     CIS is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. §207(b)(3).

**ANSWER:**  CIS admits the allegations in paragraph 12.

## FLSA COLLECTIVE DEFINITION

13.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. §216(b) as a collective action on behalf of themselves and the following group of potential FLSA opt-in litigants:

All current or former employees of Cleveland Integrity Services, Inc. ("CIS"), who performed work in the United States at any time between June 2, 2013 and the present, and who held the job title of inspector or a similar title (the "FLSA Collective").

**ANSWER:**  CIS denies the allegations in paragraph 13.

14.     Plaintiffs reserve the right to redefine the FLSA Collective prior to notice, and thereafter, as necessary.

**ANSWER:**  CIS denies the allegations in paragraph 14.

## FACTS

15.     CIS employs members of the FLSA Collective throughout the United States.

**ANSWER:**  CIS admits that it has employees in multiple states but denies the remaining allegations in paragraph 15.

16.     Between approximately July 2013 and June 2014, and between June 2015 and October 2015, Plaintiff Gundrum was employed as a pipeline inspector with CIS, performing and reviewing inspections on gas pipelines.

**ANSWER:**  CIS admits the allegations in paragraph 16 except for the job title; Gundrum was a General/Utility Inspector III.

17.     Between approximately July 2013 and April 2014, and between June 2015 and August 2015, Plaintiff King was employed as a pipeline inspector with CIS, performing and reviewing inspections on gas pipelines.

**ANSWER:**  CIS admits the allegations in paragraph 17 except for the job title; King was a General/Utility Inspector III.

18.     CIS employed Plaintiffs to inspect pipelines in and around Kansas, Missouri, Oklahoma on the Flanagan South Pipeline project.

**ANSWER:**  CIS admits the allegations in paragraph 18.

19.     CIS employed Plaintiffs to inspect pipelines in and around Wisconsin and Illinois on the Line 66 Pipeline project.

**ANSWER:**  CIS admits the allegations in paragraph 19.

20.     Plaintiffs reviewed and aided colleagues in performing routine inspections of newly-laid pipes.  Plaintiffs observed other members of the FLSA Collective performing the same or substantially similar job duties.

**ANSWER:**  CIS lacks knowledge or sufficient information to form a belief about the truth of Plaintiffs' observations but denies the remaining allegations in paragraph 20.

21.     Plaintiffs and the FLSA Collective members are all blue collar workers who are primarily engaged in manual labor duties.

**ANSWER:**  CIS denies the allegations in paragraph 21.

22.     Plaintiffs' work required the utilization of techniques and procedures obtained primarily from industry manuals, standards and codes.  *See* 29 C.F.R. § 541.203(g).  Plaintiffs observed other members of the FLSA Collective utilizing similar techniques and procedures in the performance of their jobs.

**ANSWER:**  CIS lacks knowledge or sufficient information to form a belief about the truth of Plaintiffs' observations but denies the remaining allegations in paragraph 22.

23.     Plaintiffs worked within the closely prescribed limits provided by CIS.  *See* 29 C.F.R. §541.203(g).  Plaintiffs observed other members of the FLSA Collective working in the same or substantially similar manner.

**ANSWER:**  CIS lacks knowledge or sufficient information to form a belief about the truth of Plaintiffs' observations but denies the remaining allegations in paragraph 23.

24.     CIS has a policy or practice of failing to compensate Plaintiffs and the FLSA Collective for all overtime hours worked.

**ANSWER:**  CIS denies the allegations in paragraph 24.

25.     CIS paid Plaintiffs and the FLSA Collective pursuant to a daily rate compensation system that did not take into account all hours worked in a workweek or overtime hours.

**ANSWER:**  CIS denies the allegations in paragraph 25.

26.     Specifically, CIS paid Plaintiffs and the FLSA Collective a specific set amount per each day that they worked.

**ANSWER:**  CIS denies that there is any appropriate "FLSA Collective" but admits that it paid Plaintiffs a specific set amount per each day that they worked and also that there was a preset minimum number of days per week that each was paid.

27.     CIS does not maintain accurate records of all hours that Plaintiffs and the FLSA Collective worked each workday and the total number of hours worked each workweek as required by the FLSA.  *See* 29 C.F.R. §516.2(a)(7).

**ANSWER:**  CIS denies the allegations in paragraph 27; there is no such requirement for employees exempt from overtime.

28.     Plaintiffs routinely worked between six (6) days to seven (7) days per week and typically more than ten (10) hours per day, up to fifteen (15) hours.  Plaintiffs observed that the members of the FLSA Collective routinely worked similar schedules.

**ANSWER:**  CIS lacks knowledge or sufficient information to form a belief about the truth of Plaintiffs' observations but denies the remaining allegations in paragraph 28.

29.     CIS did not pay Plaintiffs and the FLSA Collective any overtime compensation for hours worked over forty (40) per workweek.

**ANSWER:**  CIS denies that there is any appropriate "FLSA Collective" but otherwise admits the allegations in paragraph 29.

30.     In 2011, prior to the start of the relevant time period in this case, the United States Court of Appeals for the Tenth Circuit held that a similar compensation scheme by an oilfield services company was not only unlawful, but constituted a willful violation of the FLSA.  *See Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1268 (10th Cir. 2011).  Since

*Mumby*, many oil and gas service companies have reclassified their daily rate workers to come into compliance with the FLSA, CIS, however, has not done so.

**ANSWER:** CIS denies the allegations in paragraph 30 except for the existence of the

cited decision.

31.     As a subsidiary of Applied-Cleveland Holdings, Inc., which services the oil and gas industry throughout the United States, there is no question that CIS has access to human resource expertise and legal counsel who can advise CIS on its FLSA compliance obligations.

**ANSWER:** CIS admits the allegations in paragraph 31.

32.     CIS has acted willfully and/or with reckless disregard of the applicable FLSA provisions, by failing to properly compensate Plaintiffs and the FLSA Collective for hours worked in excess of forty (40) during the workweek.

**ANSWER:** CIS denies the allegations in paragraph 32.

33.     Moreover, during the entire relevant time period, CIS was aware that the FLSA Collective members were not properly compensated under the FLSA, because the FLSA Collective members' timesheets clearly demonstrate that they were routinely working more than forty (40) hours per week (based on the number of days they were working) but were not receiving overtime compensation.

**ANSWER:** CIS denies the allegations in paragraph 33.

34.     Furthermore, CIS failed to properly track, monitor or record the actual number of hours per day that the FLSA Collective members worked, as required by the FLSA.  *See* 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

**ANSWER:** CIS denies the allegations in paragraph 34; there is no such requirement for

employees exempt from overtime.

## COLLECTIVE ACTION ALLEGATIONS

35.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

**ANSWER:** CIS denies the allegations in paragraph 35.

36.     Plaintiffs desire to pursue his FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

**ANSWER:** CIS lacks knowledge or sufficient information to form a belief about the truth of Plaintiffs' "desire" but denies the remaining allegations in paragraph 36.

37.     Plaintiffs and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. §216(b), because, *inter alia*, all such individuals worked pursuant to CIS' previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek.  Resolution of this action requires inquiry into common facts, including, *inter cilia*, CIS' common compensation, timekeeping and payroll practices.

**ANSWER:** CIS denies the allegations in paragraph 37.

38.     Specifically, CIS paid Plaintiffs and the FLSA Collective a set amount of pay per day, regardless of the number of hours worked, and failed to pay overtime as required by federal law.

**ANSWER:** CIS denies that there is any appropriate "FLSA Collective" but admits that it paid Plaintiffs a specific set amount per each day that they worked and also that there was a preset minimum number of days per week that each was paid.

39.     Further, CIS misclassified Plaintiffs and the FLSA Collective as exempt and failed to pay overtime as required by federal law.

**ANSWER:** CIS denies the allegations in paragraph 39.

40.     The similarly situated employees are known to CIS, are readily identifiable, and may be located through CIS' records, as well as the records of any payroll companies that CIS utilizes.  CIS employs many FLSA Collective Members throughout the United States.  These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

**ANSWER:** CIS admits that it has records on its employees but denies the remaining allegations in paragraph 40.

### COUNT I
### Violation of the FLSA
### <u>(On Behalf of the Plaintiffs and the FLSA Collective)</u>

41.     All previous paragraphs are incorporated as though fully set forth herein.

**ANSWER:** CIS incorporates its responses to all previous paragraphs as though fully set forth herein.

42.    The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 Vi) times the regular rate at which he is employed. *See* 29 U.S.C. §207(a)(1).

**ANSWER:** CIS denies the allegations in paragraph 42; the FLSA does not so require for exempt employees such as Plaintiffs.

43.    The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty (40) in the workweek. *See* 29 C.F.R. §778.112.

**ANSWER:** CIS denies the allegations in paragraph 43; that provision does not apply to employees exempt from overtime.

44.    CIS' compensation scheme applicable to Plaintiffs and the FLSA Collective failed to comply with either 29 U.S.C. §207(a)(1) or 29 C.F.R. §778.112.

**ANSWER:** CIS denies the allegations in paragraph 44; those provisions do not apply to employees exempt from overtime.

45.    Plaintiffs and the FLSA Collective are not exempt from the requirements of the FLSA.

**ANSWER:** CIS denies the allegations in paragraph 45.

46.    CIS knowingly failed to compensate Plaintiffs and the FLSA Collective at a rate of one and one-half (1 1/2) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

**ANSWER:** CIS denies the allegations in paragraph 46.

47.    During all relevant times, Plaintiffs and the FLSA Collective were covered employees entitled to the above-described FLSA protections.

**ANSWER:** CIS denies the allegations in paragraph 47.

48.    In violating the FLSA, CIS acted willfully and/or with reckless disregard of clearly applicable FLSA provisions.

**ANSWER:** CIS denies the allegations in paragraph 48.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the FLSA Collective, seek the

following relief:

      A.      An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

      B.      Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

      C.      Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

      E.      Liquidated damages to the fullest extent permitted under the law;

      F.      Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

      G.      Such other and further relief as this Court deems just and proper.

**ANSWER:** CIS denies that Plaintiffs are entitled to any relief.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Plaintiffs are overtime exempt administrative employees under 29 U.S.C. § 213(a)(1) and

under the applicable FLSA regulations.  Their role as well as their judgment and discretion

exceed those of others found exempt in cases such as *Brock v. On Shore Quality Control

Specialists, Inc.*, 1987 WL 31308 (W. D. Tex. Sept. 29, 1987) (pipeline inspectors are overtime-

exempt administrative employees under the FLSA; "[t]here is no question that the primary duty

of all the inspectors at issue consisted of performance of non-manual work directly related to . . .

general business operations . . . of Defendants' customers"); *O'Dell v. Alyeska Pipeline Serv.

Co.*, 856 F.2d 1452 (9th Cir. 1988) (ruling that field inspector on pipeline was exempt

administrative employee); *Zannikos v. Oil Inspections*, 2015 WL 1379882 (5th Cir. Mar. 27, 2015) (affirming summary judgment for employer; plaintiff Zannikos was an administrative exempt employee because his work as a pipeline inspector included "several functional areas explicitly listed as administrative in Section 541.201(b), including quality control, safety, and legal and regulatory compliance," and such work "directly related to the management of an employer's customers is sufficient . . ."); and *Dewan v. M-I, L.L.C.*, 2016 WL 695717 (S.D. Tex. Feb. 22, 2016) (granting summary judgment for employer; plaintiffs met administrative exemption because their work involved making decisions to "optimize drilling performance . . . considering and evaluating alternative courses of action, thus requiring them clearly to exercise discretion and independent judgment").

## SECOND DEFENSE

Plaintiffs' claims are limited by the applicable two-year statute of limitations pursuant to 29 U.S.C. § 255 which, moreover, must be calculated in accordance with the triggering provisions in 29 U.S.C. § 256. CIS's classification of Plaintiffs as overtime exempt was neither knowingly wrong nor in reckless disregard of the applicable law.

## THIRD DEFENSE

Any claims for liquidated damages are barred by 29 U.S.C. § 260. CIS treated Plaintiffs as overtime exempt in good faith and with reasonable grounds for believing that those jobs meet the standards for exemption as is illustrated by *Brock v. On Shore Quality Control Specialists, Inc.*, supra; *O'Dell v. Alyeska Pipeline Serv. Co.*, supra; *Zannikos v. Oil Inspections*, supra; and *Dewan v. M-I, L.L.C.*, supra.

## FOURTH DEFENSE

Plaintiffs' suit is barred by their arbitration agreements with CIS.  Both have a written contract which commits any dispute arising from employment with CIS, explicitly including those arising under the FLSA alleged in this case, to binding arbitration.

## FIFTH DEFENSE

Plaintiffs' arbitration agreements also contain a forum selection provision requiring arbitration in Cleveland, Oklahoma, which requires that this case be transferred to the Northern District of Oklahoma. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 329 (7th Cir. 1995) (reversing district court in Illinois for issuing an order determining what could or could not be arbitrated in Florida because 9 U.S.C. § 4 is a mandatory "restriction on the authority of nonforum courts . . . where the arbitration agreement contains a forum selection clause").


Dated: August 26, 2016                        Respectfully submitted,


/s/ Brian Mead
Rachel B. Cowen
Brian Mead
DLA PIPER LLP (US)
203 North LaSalle Street
Chicago, Illinois 60601-1293
Phone: (312) 368-7044
Fax: (312) 251-5844
Email: rachel.cowen@dlapiper.com

*Attorneys for Defendant Cleveland Integrity Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed on the ECF

docket and is available for viewing and download this 26th day of August, 2016.

s/ Brian Mead
Brian Mead